```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

DESERY CHASE,

        Plaintiff,
v.                               Case No. 8:15-cv-1712-T-33JSS

HESS RETAIL OPERATIONS LLC,

        Defendant.
_____/

**ORDER**

Defendant Hess Retail Operations LLC's Memorandum of Law Regarding Removal to Federal Court based on Plaintiff's Responses to Defendant's Request for Admissions (Doc. # 11), filed on September 11, 2015, is before the Court. For the reasons that follow, the Court remands this action to state court.

**I. Background**

On May 21, 2012, Plaintiff Desery Chase was injured in a slip and fall accident at a Hess gas station in Clearwater, Florida. (Doc. # 2 at ¶ 7). Chase filed a negligence action against Hess in state court on October 29, 2014 (Doc. # 1-5 at 4) and filed an Amended Complaint on March 27, 2015. (Doc. # 2). Hess removed the action to this Court on the basis of complete diversity of citizenship on July 22, 2015, in response to Chase's responses to requests for admissions. (Doc. # 1). As characterized by Hess: Plaintiff denied in her

Response to Defendant's Request for Admissions (1) that her damages and expenses do not exceed $75,000; (2) that the total value of her claims does not exceed $75,000; and (3) that she would consent to remittitur if the verdict exceeds $75,000. (Doc. # 1 at ¶¶ 5-7). After the removal of the case, this Court directed Hess to supplement the record regarding the amount in controversy, and Hess has done so. However, as explained in greater detail below, the information Hess has supplied does not convince the Court that the jurisdictional threshold for removal has been satisfied and accordingly, the Court remands this case.

## II. Legal Standard

Under 28 U.S.C. § 1441, a defendant can remove an action to a United States District Court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). United States District Courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

In Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319-20 (11th Cir. 2001), the Eleventh Circuit held that if the requisite jurisdictional amount is not facially apparent from the complaint (as is the case here), the district court should look to the notice of removal and may require the

2

defendant to submit evidence supporting its claim.

"A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Id. Further, it is the removing defendant's burden to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008).

In removed cases, 28 U.S.C. § 1447(c) specifies, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Removal statutes are strictly construed against removal. Shamrock Oil & Gas Co. v. Sheets, 313 U.S. 100, 108 (1941).

### III. Analysis

Neither the Complaint nor the Notice of Removal provide any substantive discussion of the actual damages Chase sustained. Absent from the Court's file are any medical reports or other evidence bearing on the nature and extent of Chase's injury. Instead, Hess's sole basis for the removal of

3

this slip and fall case is Chase's responses to Requests for Admissions regarding the extent of Chase's damages. Although Hess has made an adequate showing concerning complete diversity of citizenship between the parties, the Notice of Removal and supplemental briefing does not satisfy the Court that the jurisdictional amount has been satisfied.

A number of courts have determined that a plaintiff's discovery responses concerning the amount in controversy are not sufficient to support removal of a case to federal court. See, e.g., Bruzon-Pena v. Infinity Indem. Ins. Co., No. 8:09-cv-2170-T-33EAJ, 2010 U.S. Dist. LEXIS 103084 (M.D. Fla. July 14, 2010)(remanding breach of insurance contract case when removal was predicated upon plaintiff's failure to commit to an amount in controversy during discovery); Mathews v. GEICO, No. 8:13-cv-3053-T-33TBM (M.D. Fla. Dec. 31, 2013)(remanding bad faith insurance case when removal was predicated upon plaintiff's discovery responses); MacDonald v. Circle K Stores, Inc., No. 6:08-cv-1825-Orl-22DAB, 2009 U.S. Dist. LEXIS 3117 (M.D. Fla. Jan. 16, 2009)(remanding slip-and-fall case when removal was based on plaintiff's responses to requests for admissions and interrogatory answers regarding the amount in controversy and noting that responses to interrogatories "merely establish the possibility - not a

probability - that the Plaintiff's damages might exceed $75,000."). The Court reaches the same conclusion in this case. Chase's denial that her "damages and expenses currently sought .. . . do[] not exceed $75,000.00," among other denials, is too speculative to warrant removal. (Doc. # 11-1).

As set forth in Williams, 269 F.3d at 1320, a plaintiff's refusal to stipulate that her claims do not exceed $75,000.00 is inadequate to satisfy the removing defendant's burden. That court explained: "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [defendant's] burden of proof on the jurisdictional issue." Id.

In a case such as this, where "plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." Roe v. Michelin N. Am. Inc., 613 F.3d 1058, 1061 (11th Cir. 2010). Hess falls well short of meeting this burden. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Court remands this action to state court pursuant to 28 U.S.C. § 1447(c), after finding that it lacks subject matter jurisdiction.

(2) This case is **REMANDED** to state court. After remand has been effected, the Clerk is directed to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of September, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record